Susan **MAUNULA**, Garrett Maunula, Angela Maunula, and Jeni Maunula by Next Friend, Garrett Maunula

v.

**WESTRAN, INC.** and Dennis Martin Stacy.

No. 3:92–0548.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 14, 1994.

Charles Carter Baker, Nashville, TN, for plaintiff.

Ed Reynolds Davies, Nashville, TN, for defendant.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court is Plaintiffs' Response Allowed By Order To Defendants' Motion To Dismiss (Doc. No. 21) and Defendants' Motion to Dismiss (Doc. No. 6). On June 10, 1993 this Court vacated its Order entered May 17, 1993, which granted defendants' motion to dismiss. The Court granted plaintiff's request for additional time to respond to defendants' motion to dismiss and reinstated this action. For the reasons stated below, with respect to Westran the Court denies Defendants' Motion to Dismiss. As to the assertion of personal jurisdiction over Stacy, the Court reserves judgment until the completion of discovery.

## I. BACKGROUND

This action arises out of an automobile accident which occurred on June 19, 1991 on Interstate Highway 86 near Burley, Idaho. Allegedly, a tractor-trailer driven by Dennis M. Stacy ("Stacy") rear-ended the car driven by Susan Maunula. As a result of the accident, Susan Maunula and her daughters, Angella Maunula and Jeni Maunula, were injured. Stacy was driving the tractor-trailer pursuant to a Lease Agreement executed on February 18, 1991 in Montana by and between Westran, Inc. ("Westran") of Missoula, Montana and Doug E. Stacy of Eureka, Montana. At the time of the accident, the Maunula family was relocating from Oregon to Tennessee. This litigation did not result from any injury arising out of or related to any activities directed towards citizens of Tennessee.

Westran is a Montana corporation with its principal place of business located in Missoula, Montana. Westran is a common carrier and is authorized by federal and state regulation to operate its trucks in interstate commerce in all forty-eight contiguous states. Since 1981, under the name of Western Transport Crane and Rigging, Inc., the defendant has been authorized by the Interstate Commerce Commission and the Tennessee Public Service Commission to operate as a common carrier in interstate commerce over irregular routes through Tennessee. On February 2, 1990, the Interstate Commerce Commission authorized the defendant to change its name to Westran, Inc. In November, 1990, the defendant applied to the Tennessee Public Service Commission to be allowed to change its operating name to Westran, Inc. The application was granted conditioned an the filing of the required insur-

ance and notice of designation of agent for service of process. As required by the Tennessee Public Service Commission, Westran maintains a registered agent for service of process in Tennessee.

Stacy does not reside in Tennessee and at the time of the accident did not reside in Tennessee. Stacy is a resident of Montana. He does not own any property in Tennessee and does not maintain any office, place of business, equipment, agent or registered agent for service of process in Tennessee.

Plaintiffs assert that jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332. Moreover, plaintiffs argue that personal jurisdiction over both Westran and Stacy is appropriate. Jurisdiction over Westran is proper because the company has systematic and continuous contact with Tennessee through its interstate trucking business and thus benefits from the use of the state's highways and the protections of its laws. As to Stacy, plaintiffs contend that Westran can dispatch Stacy to Tennessee without significant inconvenience and perhaps in the course of conducting business. Defendants submit that subject matter jurisdiction by virtue of diversity and amount in controversy may exist; however, they contend that this Court's exercise of personal jurisdiction would violate due process because they are both residents of Montana and sufficient minimum contacts with Tennessee are not present.

## II. DISCUSSION

### A. PERSONAL JURISDICTION OVER WESTRAN, INC.

■ The Court concludes that it has personal jurisdiction over Westran. Tennessee's long-arm statute, Tennessee Code Annotated Section 20–2–214[1], reaches as far as the Due Process Clause of the Fourteenth Amendment permits. *Masada Investment Corp. v. Allen,* 697 S.W.2d 332, 334 (Tenn.1985). The facts of the case at bar do not demonstrate that it would be inconsistent with due pro-

cess for this Court to assert personal jurisdiction over Westran. Hence, with respect to Westran the motion to dismiss is denied.

■ The present case is one of "general jurisdiction" where the defendant's systematic and continuous contact with the state justifies the exercise of personal jurisdiction over a cause of action which arose elsewhere. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). When the cause of action does not arise out of the defendant's activities in the forum state, personal jurisdiction is proper and does not violate due process when there are sufficient contacts between the state and the defendant. *See Helicopteros,* 466 U.S. at 413–14, 104 S.Ct. at 1872.

■ The relevant inquiry for due process purposes is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). If a defendant has purposefully availed itself of the benefits of conducting business in the forum state, the defendant should "reasonably anticipate" out-of-state litigation. *Burger King,* 471 U.S. at 474–75, 105 S.Ct. at 2183. And in such a circumstance, the assertion of jurisdiction is appropriate. The Court in *Burger King* concluded:

> [W]here the defendant "deliberately" has engaged in significant activities within a State or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unrea-

---

1. Tennessee Code Annotated Section 20–2–214 provides in part:
   (a) Persons who are nonresidents of Tennessee ... who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
   (6) Any basis not inconsistent with the constitution of this state or of the United States.

sonable to require him to submit to the burdens of litigation in that forum as well. *Id.* at 475–76, 105 S.Ct. at 2184.

Personal jurisdiction in this case does not offend "our traditional conception of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The Court holds that the exercise of personal jurisdiction over Westran is appropriate. First, by seeking and obtaining authorization to conduct business on the interstate highways of Tennessee and by appointing an agent for the service of process in the state, Westran has purposefully availed itself of the privilege of conducting business in Tennessee and has established minimum contacts with Tennessee.

■ The appointment of an agent is consent to be sued for any cause of action, whether or not arising from activities within the state. *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 170, 174, 60 S.Ct. 153, 155, 157, 84 L.Ed. 167 (1939). The Rules and Regulations as to Supervision and Control of Motor Vehicles and Motor Buses of the Tennessee Public Service Commission, Section 1220–2–1–1–.25(2)(c)(1) provides:

> a motor carrier shall not operate within the borders of the State unless and until there shall have been filed with and accepted by the Commission of such State a currently effective designation of a local agent for service of process.

Under Tennessee law, the public service commission is empowered to license, supervise, and regulate motor carriers operating in the state. Tenn.Code Ann. § 65–15–106 (1993). In order to conduct business on the highways of Tennessee, a motor carrier is required to obtain a permit from the public service commission. Tenn.Code Ann. § 65–15–107 (1993). Westran is authorized to conduct business in the state by the Tennessee Public Service Commission. Accordingly, Westran has appointed a local agent for service of process. By appointing Ron Gant of the Tennessee Trucking Association as agent for service of process, Westran has submitted to the jurisdiction of the courts in this state.

■ Second, the burden on the defendant, the forum state's interest in adjudicating the matter, and the plaintiffs' interest in pursuing recovery conveniently and effectively are also issues to be considered. *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184. As a nationwide business, the burden on Westran is slight as compared to the burden on the plaintiffs if they were required to pursue their claims in Idaho. The forum state's interest in adjudicating the dispute also favors Tennessee. Tennessee has an interest in seeing that Westran conduct business in a safe manner. Further, plaintiffs will be provided for by public assistance resources in Tennessee if they do not recover from defendants in this court or if they cannot recover because litigation proceeds in a location where it is unfeasible for them to pursue the action. The plaintiffs' interest in obtaining convenient and effective relief further justifies the exercise of personal jurisdiction. The case at bar is not an attempt at forum shopping. The plaintiffs were relocating to Tennessee at the time of the accident.

An evaluation of these factors can demonstrate the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2184 (citations omitted). In the case at bar, the factors weigh in favor of the plaintiffs. Moreover, Westran has failed to show that this Court's exercise of jurisdiction would violate due process or be unreasonable.

## B. PERSONAL JURISDICTION OVER DENNIS M. STACY

■ The Court reserves judgment with respect to the exercise of personal jurisdiction over Stacy until the completion of discovery. Although Stacy's affidavit does not deny regular and extensive trips through Tennessee in his business as a truck driver, plaintiffs have not demonstrated that Stacy has minimum contacts with Tennessee or that he has purposefully availed himself of the privilege of conducting business in the state. Upon completion of discovery, the Court will be in a position to determine whether the assertion of personal jurisdiction over Stacy would be proper.

## CONCLUSION

The Court rules that the assertion of personal jurisdiction over Westran is appropri-

ate and serves the interests of justice. As to the exercise of personal jurisdiction over Stacy, the Court reserves judgment until the completion of discovery.

An Order consistent with the reasoning set forth above is filed contemporaneously.

### ORDER

Pending before the Court is Plaintiffs' Response Allowed By Order To Defendants' Motion To Dismiss (Doc. No. 21). On June 10, 1993 this Court vacated its Order entered May 17, 1993, which granted defendants' motion to dismiss. The Court granted plaintiff's request for additional time to respond to defendants' motion to dismiss and reinstated this action.

In accordance with the contemporaneously filed Memorandum, the Court hereby DENIES IN PART Defendants' Motion to Dismiss. The Court RULES that the exercise of personal jurisdiction over Westran is proper. As to the exercise of personal jurisdiction over Stacy, the Court RESERVES JUDGMENT until the completion of discovery.